NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLIVER GRAY,<br><br>    Petitioner-Appellant,<br><br> v.<br><br>W. L. MUNIZ,<br><br>    Respondent-Appellee. | No. 20-16122<br><br>D.C. No.<br>2:16-cv-01577-JAM-KJN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 15, 2022
San Francisco, California

Before:  S.R. THOMAS and BENNETT, Circuit Judges, and LASNIK,[**] District
Judge.

---

  &ast;  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  &ast;&ast;  The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

Petitioner Oliver Gray appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm. This Court reviews the denial of a habeas petition de novo. *Runningeagle v. Ryan*, 686 F.3d 758, 766 (9th Cir. 2012). To do so, we look to the "last reasoned [state court] decision that finally resolve[d] the claim at issue." *Amado v. Gonzalez*, 758 F.3d 1119, 1130 (9th Cir. 2014) (internal quotation marks and citations omitted).

First, we affirm the district court's conclusion that petitioner's right to due process was not violated when the trial court denied his counsel's request for a subsequent competency hearing. Under California law, a trial judge who has previously found a defendant competent need not hold a second or subsequent competency hearing unless "the evidence discloses a substantial change of circumstances or new evidence is presented casting serious doubt on the validity of the prior finding of the defendant's competence." *People v. Weaver*, 26 Cal. 4th 876, 954 (2001) (quoting *People v. Medina*, 11 Cal. 4th 694, 734 (1995)). Here, the trial court noted that it was a "close case," but determined that a second competency hearing was unnecessary. In making this decision, the court had before it (1) the prior competency determination (including two evaluations by court-appointed expert Dr. Schaffer); (2) the evaluation produced in the context of petitioner's *Faretta* hearing by court-appointed expert Dr. Mattiuzzi; (3) the PET

scan results and report of defense expert Dr. Wicks; (4) defense counsel's repeated concerns that defendant was not competent; and (5) the trial judge's own experience dealing with defendant during trial (including during the *Faretta* hearing). This determination was neither contrary to nor an unreasonable application of Supreme Court precedent. *See Drope v. Missouri,* 420 U.S. 162, 180 (1975) (explaining that there are "no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed"). Nor was it based on an unreasonable determination of the facts. *See Mendez v. Knowles*, 556 F.3d 757, 773 (9th Cir. 2009) (citing *Drope*, 420 U.S. at 177 n.13) (explaining that "a lawyer's representations concerning the competence of his client should be considered, but . . . courts need not accept them without question").

Second, we affirm the district court's conclusion that the trial court did not violate Gray's due process rights by failing to inquire into a juror's ability to comprehend jury instructions. The decision not to hold a hearing was neither contrary to nor an unreasonable application of Supreme Court precedent. *See Tracey v. Palmateer*, 341 F.3d 1037, 1044 (9th Cir. 2003) (explaining that clearly established federal law does not require state or federal courts to hold an evidentiary hearing every time a claim of juror misconduct or bias is raised). Nor was the trial court's determination of the facts "objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537

U.S. 322, 340 (2003).

Finally, we affirm the district court's conclusion that the prosecution did not violate *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose witness Hua's statement that both robbers were Black. To establish a *Brady* claim, petitioner must show that the evidence at issue (1) is "favorable to the accused, either because it is exculpatory [or] impeaching"; (2) was "suppressed by the State, either willfully or inadvertently"; and (3) that prejudice ensued. *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). Here, petitioner cannot establish prejudice. To establish prejudice, the suppressed evidence must be "material," meaning "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Here, (1) the prosecution had a strong case (including multiple eyewitness accounts and petitioner's own confessions); (2) accepting Hua's version of events would have required the jurors to discredit the other witnesses, as Hua was the only witness who stated both robbers were Black; and (3) Hua's statement conflicted with Gray's third-party liability defense that J (who is not Black) was the second robber. Thus, petitioner cannot show that the state court's denial of his *Brady* claim was contrary to or an unreasonable application of Supreme Court precedent, or that it was based on an unreasonable determination of the facts.

**AFFIRMED.**